Federal Natl. Mtge. Assn. v Bailey (2020 NY Slip Op 00263)





Federal Natl. Mtge. Assn. v Bailey


2020 NY Slip Op 00263


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-04097
 (Index No. 500884/15)

[*1]Federal National Mortgage Association, appellant,
v
Louise Bailey, respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 22, 2018. The order denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Louise Bailey and, in effect, upon searching the record, awarded summary judgment to the defendant Louise Bailey dismissing the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof which, in effect, upon searching the record, awarded summary judgment to the defendant Louise Bailey dismissing the complaint insofar as asserted against her; as so modified, the order is affirmed, without costs or disbursements.
We disagree with the Supreme Court's finding that the contents of the 90-day notices submitted by the plaintiff did not comply with the version of RPAPL 1304(2) in effect at the relevant time (see L 2009, ch 507, § 1-a [eff Jan 14, 2010]; BAC Home Loans Servicing, L.P. v Chertov, 165 AD3d 1214, 1215-1216). The notices listed five agencies in the New York City area, which was the region where the borrower resided. Hence, the court lacked a proper basis to, in effect, upon searching the record, award summary judgment to the defendant Louise Bailey dismissing the complaint insofar as asserted against her.
Nevertheless, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Bailey. Contrary to the plaintiff's contention, the documentation submitted in support of that branch of its motion was insufficient to establish, prima facie, that it complied with the strict mailing requirements of RPAPL 1304 (compare U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530, with Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126, 1127).
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court